UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICAH L. LAWSON,

               Petitioner,

v.                              Case No: 2:16-cv-85-FtM-29MRM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

               Respondents.[1]
_____/

## OPINION AND ORDER

This matter comes before the Court on a petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254 by Micah L. Lawson ("Petitioner" or "Lawson"), a prisoner of the Florida Department of Corrections (Doc. 1, filed February 1, 2016). Lawson, proceeding *pro se*, attacks the convictions and sentences entered against him by the Twentieth Judicial Circuit Court in Lee County, Florida for aggravated burglary. Id. Respondent filed a response to the petition (Doc. 14). Petitioner filed a reply (Doc. 22), and the matter is now ripe for review.

---

[1] When the petitioner is incarcerated and challenges his present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Rumsfeld v. Padilla, 542 U.S. 426, 436 (2004) (citations omitted). In Florida, the proper respondent in this action is the Secretary of the Florida Department of Corrections. Therefore, the Florida Attorney General will be dismissed from this action.

Upon due consideration of the pleadings and the state court record, the Court concludes that each claim must be dismissed or denied. Because the petition is resolved on the record, an evidentiary hearing is not warranted. See <u>Schriro v. Landrigan</u>, 550 U.S. 465, 474 (2007) (if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing).

## I.   Background and Procedural History[2]

On November 20, 2008, Lawson was charged by information with first degree burglary, in violation of Florida Statute § 810.02 (count one); lewd or lascivious battery upon an elderly person or disabled adult, in violation of Florida Statute § 825.1025(2) (count two); and abuse of an elderly person or disabled adult, in violation of Florida Statute § 825.102(1) (count three) (Ex. A1). On April 16, 2009, a jury found Lawson guilty as charged on each count (Doc. 1-5). The trial court sentenced him to 65 years in prison on count one, fifteen years on count two, and five years in prison on count three (Ex. A3). Florida's Second District Court of Appeal affirmed Lawson's sentence on count one, but dismissed his convictions on counts two and three as barred by the statute

---

[2] Unless otherwise indicated, citations to exhibits and appendices are to those filed by Respondent on August 4, 2016 (Doc. 16). The trial transcript, located in Exhibit A5 will be cited as (T. at __). The transcript of the evidentiary hearing on Plaintiff's Rule 3.850 motion, located in Exhibit D4, will be cited as (EH at __).

of limitations (Ex. A4); <u>Lawson v. State</u>, 51 So. 3d 1287 (Fla. 2d DCA 2011).

Lawson filed a state habeas corpus petition on August 5, 2011 in which he argued that appellate counsel was ineffective for failing to argue that the information's charging language was insufficient to support his 65-year sentence on the burglary count (Ex. C). Florida's Second District Court of Appeal denied the petition on November 15, 2011. <u>Lawson v. State</u>, 75 So. 3d 1258 (Fla. 2d DCA 2011).

On May 24, 2012, Lawson filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure ("Rule 3.850 motion"). Ground Six of the motion was summarily, denied (Ex. D3). After holding an evidentiary hearing on the remaining claims, the post-conviction court denied the motion (Ex. D3; Ex. D4). Florida's Second District Court of Appeal affirmed (Ex. D8).

Lawson filed the instant habeas petition on January 29, 2017 (Doc. 1).

## II. Legal Standards

### a. The Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard is both mandatory and difficult to meet. White v. Woodall, 134 S. Ct. 1697, 1702 (2014). Notably, a state court's violation of state law is not sufficient to show that a petitioner is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Wilson v. Corcoran, 562 U.S. 1, 16 (2010).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issued its decision. White, 134 S. Ct. at 1702; Carey v. Musladin, 549 U.S. 70, 74 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). That said, the Supreme Court has also explained that "the lack of a Supreme Court decision on nearly identical facts does not by itself mean that there is no clearly established federal law, since 'a general standard' from [the Supreme Court's] cases can supply such law." Marshall v. Rodgers, 133 S. Ct. 1446, 1449 (2013) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). State courts "must reasonably apply the rules 'squarely established' by [the Supreme] Court's holdings to the facts of

4

each case." <u>White</u>, 134 S. Ct. at 1706 (quoting <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 122 (2009)).

Even if there is clearly established federal law on point, habeas relief is only appropriate if the state court decision was "contrary to, or an unreasonable application of," that federal law. 29 U.S.C. § 2254(d)(1). A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. <u>Ward v. Hall</u>, 592 F.3d 1144, 1155 (11th Cir. 2010); <u>Mitchell v. Esparza</u>, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, <u>Brown v. Payton</u>, 544 U.S. 133, 134 (2005); <u>Bottoson v. Moore</u>, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." <u>Bottoson</u>, 234 F.3d at 531 (quoting <u>Williams</u>, 529 U.S. at 406). The petitioner must show that the state court's ruling was "so lacking in justification that there

was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." <u>White</u>, 134 S. Ct. at 1702 (quoting <u>Harrington v. Richter</u>, 562 U.S. 86 (2011)). Moreover, "it is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court." <u>Knowles</u>, 556 U.S. at 122.

Notably, even when the opinion of a lower state post-conviction court contains flawed reasoning, the federal court must give the <u>last</u> state court to adjudicate the prisoner's claim on the merits "the benefit of the doubt." <u>Wilson v. Warden, Ga. Diagnostic Prison</u>, 834 F.3d 1227, 1235 (11th Cir. 2016), <u>cert. granted Wilson v. Sellers</u>, 137 S. Ct. 1203 (Feb. 27, 2017). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. <u>Ferguson v. Culliver</u>, 527 F.3d 1144, 1146 (11th Cir. 2008). Therefore, to determine which theories could have supported the state appellate court's decision, the federal habeas court may look to a state post-conviction court's previous opinion as one example of a reasonable application of law or determination of fact; however, the federal court is not limited to assessing the reasoning of the lower court. <u>Wilson</u>, 834 F.3d at 1239.

Finally, when reviewing a claim under § 2254(d), a federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Miller-El v. Cockrell, 537 U.S. 322, 340 (2003) ("a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding") (dictum); Burt v. Titlow, 134 S. Ct. 10, 15-16 (2013) (same).

### b.    Ineffective Assistance of Counsel

In Strickland v. Washington, the Supreme Court established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. 466 U.S. 668, 687-88 (1984). A petitioner must establish that counsel's performance was deficient and fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. Id. This is a "doubly deferential" standard of review that gives both the state court and the petitioner's attorney the benefit of the doubt. Burt, 134 S. Ct. at 13 (citing Cullen v. Pinholster, 563 U.S. 170 (2011)).

The focus of inquiry under Strickland's performance prong is "reasonableness under prevailing professional norms." Strickland, 466 U.S. at 688-89. In reviewing counsel's performance, a court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance[.]" Id. at 689. Indeed, the petitioner bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable[.]" Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," applying a "highly deferential" level of judicial scrutiny. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690).

As to the prejudice prong of the Strickland standard, Petitioner's burden to demonstrate prejudice is high. Wellington v. Moore, 314 F.3d 1256, 1260 (11th Cir. 2002). Prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

### c. Exhaustion and Procedural Default

The AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless a petitioner has exhausted all means of available relief under state law. Exhaustion of state remedies requires that the state prisoner "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights[.]" Duncan v. Henry, 513 U.S. 364, 365 (1995) (citing Picard v. Connor, 404 U.S. 270, 275-76 (1971)). The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. Snowden v. Singletary, 135 F.3d 732 (11th Cir. 1998).

In addition, a federal habeas court is precluded from considering claims that are not exhausted and would clearly be barred if returned to state court. Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991) (if a petitioner has failed to exhaust state remedies and the state court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims).

Finally, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. Coleman, 501 U.S. at 750. If a petitioner attempts to raise a claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court. Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994).

A petitioner can avoid the application of procedural default by establishing objective cause for failing to properly raise the claim in state court and actual prejudice from the alleged constitutional violation. Spencer v. Sec'y, Dep't of Corr., 609 F.3d 1170, 1179-80 (11th Cir. 2010). To show cause, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." Wright v. Hopper, 169 F.3d 695, 703 (11th Cir. 1999); Murray v. Carrier, 477 U.S. 478 (1986). To show prejudice, a petitioner must demonstrate there is a reasonable probability the outcome of the proceeding would have been different. Crawford v. Head, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

A second exception, known as the fundamental miscarriage of justice, only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" Murray v. Carrier, 477 U.S. 478, 479-80 (1986). Actual innocence means factual innocence, not

legal insufficiency. <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995). "To be credible, a claim of actual innocence must be based on [new] reliable evidence not presented at trial." <u>Calderon v. Thompson</u>, 523 U.S. 538, 559 (1998) (quoting <u>Schlup</u>, 513 U.S. at 324).

### III. Analysis

Florida's Second District Court of Appeal described the facts surrounding Lawson's arrest as follows:

> On the evening of January 26, 2003, a young man broke into the home of a seventy-six-year-old woman in Lee County. The intruder committed a sexual assault on the elderly resident. The identity of the woman's assailant remained undetermined for several years.
>
> In November 2008, the Florida Department of Law Enforcement notified the Lee County Sheriff's Office that DNA evidence obtained from the victim's person matched Mr. Lawson's DNA. On November 20, 2008, the State Attorney for the Twentieth Judicial Circuit filed an information charging Mr. Lawson with three crimes arising out of the incident: count one, burglary of a dwelling with assault or battery in violation of section 810.02(2), Florida Statutes (2002), a first-degree felony punishable by life; count two, lewd or lascivious battery upon an elderly person in violation of section 825.1025(2), Florida Statutes (2002), a second-degree felony; and count three, abuse of an elderly person in

> violation of section 825.102(1), a third-
> degree felony.

Lawson, 51 So. 3d at 1288.  Lawson now urges that trial counsel Christopher Whitney and Tiffany Chewning (collectively, "Counsel") were ineffective for: (1) failing to object to a flawed charging instrument, to faulty jury instructions, and to his enhanced sentence; (2) interfering with Lawson's right to testify on his own behalf; (3) failing to move to dismiss counts two and three of the information as barred by the statute of limitations; (4) failing to object to the trial court's unfair time limit on closing argument; and (5) failing to call Amber Lewis as a witness (Doc. 1).  Lawson also asserts that his acquittal on counts two and three resulted in an inconsistent verdict, in contradiction of due process.  Id.  Each claim will be addressed separately.

### a. Claim One

Lawson raises three separate issues in Claim One.  First, he asserts that Counsel was ineffective for failing to object to the charging information because "there is no such 'offense' as First Degree Burglary found in the Florida [Statutes]." (Doc. 1 at 4) (emphasis in original).  Specifically, he argues that the information is unclear as to whether he "[had] an 'intent' or did he actually commit an assault and/or battery[?]" Id. (emphasis in original).  Next, Lawson urges that the jury instructions were incomplete because they did not specifically inform the jury that

it must find he actually committed an assault or battery in order to find him guilty of first degree burglary (as opposed to generic burglary). Id. Finally, Lawson argues that his sentence was "enhanced" without a jury finding of the enhancement factors, in violation of Apprendi. Id.

Respondent notes that Lawson did not raise these claims in state court and that they are unexhausted as a result (Doc. 14 at 7). However, Respondent recognizes that certain ineffective assistance of trial counsel claims can be raised for the first time in a § 2254 petition. Id. In Martinez v. Ryan, 132 S. Ct. 1309 (2012) the United State Supreme Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

Id. at 1320. Under Martinez, a petitioner must still establish that his underlying ineffective assistance claim is "substantial" — that is, that it has "some merit" — before the procedural default can be excused. Martinez, 132 S. Ct. at 1318-19.

Each of Claim One's ineffective assistance claims are unexhausted because they are not "substantial." Therefore, the claims do not fall within Martinez' equitable exception to the procedural bar.

13

**Information**

Lawson's construed assertion that the charging information was unconstitutionally vague because "[t]he information alleges <u>no</u> positive accusation to the fact as required to be adequately noticed of the charge to defend against" is unavailing (Doc. 1 at 4) (emphasis in original). Under Florida law, an information may be quashed for vagueness on a motion to dismiss, only if it is "so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense." <u>State v. Dilworth</u>, 397 So. 2d 292, 293 (Fla. 1981) (quoting Fla. R. Crim. P. 3.140(o)).

The charging information in this case listed "First Degree Burglary, F.S. 810.02, PBL Felony" as count one and alleged that Lawson:

> On or about January 26, 2003 in Lee County, Florida, did unlawfully enter or remain in a certain conveyance, to-wit: dwelling, the property of [the victim] as owner or custodian thereof, with the intent to commit an offense therein, to-wit: battery and/or sexual battery, or made an assault or battery upon [the victim] in the dwelling, contrary to Florida Statute 810.02.

(Ex. A1). Here, the state charged Lawson with first-degree felony burglary by including in the charging language the allegation that, during the course of the burglary, Lawson <u>either</u> had the intent to

commit, or actually did commit, battery or sexual battery upon the victim. Id.[3]

Given that the information clearly and completely described the charges against Lawson, reasonable competent counsel could have concluded that Lawson's charging information did not suffer from any defect described in Dilworth, and as a result, there were no grounds on which to challenge the information's clarity. See Brownlee v. Haley, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel is not ineffective for failing to raise issues that clearly lack merit). Moreover, Lawson has not explained what would have prevented the state from simply filing an amended information had Counsel objected; accordingly, he has not demonstrated Strickland prejudice. Because Lawson has failed to satisfy either Strickland prong, the first portion of Claim One is not "substantial" so as to excuse Lawson's default.

## Jury Instructions

Equally unavailing is Lawson's argument that Counsel was ineffective for failing to object to the jury instructions. He argues that the instruction for first degree burglary was incomplete because it did not specifically include a requirement that the jury find that he committed an assault or battery. First, Lawson's assertion that there is no such offense as "First Degree

---

[3] In counts two and three of the information, the specific facts surrounding the alleged assault were described (Ex. A1).

Burglary" in the Florida statutes makes little sense (Doc. 1 at 4). Under Florida law, burglary can be a first, second, or third-degree felony, depending upon the facts and circumstances of the crime. See Fla. Stat. § 810.02 (2003). Under this statute, "burglary" means, "[e]ntering a dwelling, structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter[.]" Id. at § 810.02 (1)(b)(1). Burglary is a felony of the first degree if, in the course of committing the offense, the offender *inter alia* "[m]akes an assault or battery upon any person[.]" Id. at § 810.02(2)(a).

Next, Lawson's assertion that the jury was not instructed that it had to find he committed an assault or battery after entering the victim's home is untrue. The jury was properly instructed that:

> To prove the crime of first degree burglary, the State must prove the following two elements beyond a reasonable doubt:
>
> 1. That Micah Lynn Lawson entered a conveyance owned by or in the possession of [the victim].
>
> 2. At the time of entering the conveyance, Micah Lynn Lawson had the intent to commit an offense of battery and/or sexual battery in that conveyance.

(T. at 469). The trial court then defined "intent" and "conveyance"[4] and stated that:

> If you find Micah Lynn Lawson guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether in the course of committing the burglary Micah Lynn Lawson assaulted any person.
>
> An "assault" is an intentional and unlawful threat either by word or act to do violence to another at the time when the defendant appeared to have the ability to carry out that threat, and his act created a well-founded fear in the other person that violence was about to take place.
>
> If you find Micah Lynn Lawson guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether in the course of the burglary Micah Lynn Lawson – Lawson, excuse me, battered any person.
>
> A "battery" is an actual and intentional touching or striking of a person, against that person's will, or the intentional causing of bodily harm to another person.

(T. at 470-71). After the trial court gave the instruction for first degree burglary, the jury was instructed on the elements of the lesser-included crime of burglary (T. at 472-73).

Given the above, reasonable competent counsel could have concluded that the jury was properly instructed on the elements of first degree battery and on the elements of the lesser-included crime of simple battery. Moreover, even had Counsel objected to

---

[4] The victim lived in a mobile home. Later, the jury was instructed that it had to determine whether the conveyance was a dwelling (T. at 471).

the jury instructions, the Court would have either overruled the objection (because the instructions were correct) or, to the extent they were ambiguous, merely corrected them; accordingly, Lawson has not demonstrated Strickland prejudice.  Because Lawson has failed to satisfy either Strickland prong, this part of Claim One is not "substantial" so as to excuse Lawson's default.

### Apprendi Claim

Also without merit is Lawson's claim that his sentence was unlawfully enhanced, in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000).  He urges that the jury's verdict does not reflect the findings necessary to support a sentence in excess of the statutory maximum for simple burglary because the jury did not specifically find that he committed the requisite assault or battery (Doc. 1 at 5).  Indeed, a finding of whether an assault or battery occurred during the course of a burglary is a fact that increases the penalty for a crime beyond the statutory maximum for Apprendi purposes.  See Gonzalez v. State, 876 So. 2d 658, 661 (Fla. 3d DCA 2004).  Therefore, the jury would have to find beyond a reasonable doubt that an assault or battery occurred.  Apprendi, 530 U.S. at 466.  In the instant case, the jury specifically found Lawson guilty of "lewd or lascivious battery upon elderly person or disabled adult." (Doc. 1-5).  Accordingly, Counsel would have

had no reason to make an <u>Apprendi</u> objection, and this claim is not "substantial" so as to excuse Lawson's procedural default.[5]

Because none of the ineffectiveness claims raised in Claim One are "substantial," they cannot excuse Lawson's failure to exhaust them in state court. <u>Martinez</u>, 132 S. Ct. at 1318-20. Nor has Lawson presented new, reliable evidence indicating that the actual innocence exception would apply to excuse his default of this claim. All issues raised in Claim One are dismissed as unexhausted.

### b.    Claim Two

Lawson asserts that Counsel was ineffective for advising him against testifying at trial, even though he "expressed a desire to do so on several occasions." (Doc. 1 at 7). Lawson raised this claim in his Rule 3.850 motion, and the post-conviction court held an evidentiary hearing on the claim (Ex. D4).

---

[5] Petitioner argues that because his conviction for lewd and lascivious battery upon an elderly person or disabled adult was set aside on direct appeal as barred by the statute of limitations, the jury's finding that he committed the lewd and lascivious battery cannot support a first degree burglary charge (Doc. 22 at 9). However, the statute for first-degree burglary does not require that the defendant be convicted of battery, only that the defendant did, in fact, commit the battery. <u>See</u> Fla. Stat. § 810.02(2)(a)(2002). The jury found beyond a reasonable doubt that Petitioner committed lewd or lascivious battery on the victim, and Florida's Second District Court of Appeal determined that Petitioner's first-degree burglary charge would stand, despite the dismissal of counts two and three on statute of limitations grounds. <u>Lawson</u>, 51 So. 3d at 1288 (affirming Petitioner's judgment and sentence on the burglary charge).

At the hearing, Lawson testified that he was unaware he had the right to testify, and that had he done so, he would have testified that he had consensual sex with the victim (Ex. D4 at 44). Defense Counsel Whitney testified that he advised Lawson not to testify because his criminal history would be used to impeach him and because "the benefit gained from a defendant testifying is usually outweighed by the – how that's perceived with the jury." Id. at 53. Counsel Whitney also believed that the state could have impeached Lawson with prior statements he made to law enforcement. Id. Counsel Whitney stated that he had explained to Lawson that it was his choice whether to testify and that he could do so, despite Counsel's recommendation that he not. Id. at 66. Defense Counsel Chewning testified that she had discussed with Lawson his right to testify at trial, but advised him that it was not a good idea. Id. at 80. Lawson had told her that he did not remember what had happened on the night of the crime because he was doing a lot of drugs at the time. Id. at 81. He admitted to Counsel Chewning that "DNA doesn't lie." Id. Lawson never told Chewning that he had consensual sex with the victim. Id. at 82.

In a detailed order, the post-conviction court denied this claim, concluding that:

> Having heard the benefit of the testimony and having had the opportunity to observe the demeanor of all the witnesses, this Court finds counsel to be credible and that Defendant made the decision not to testify

because he could not remember the night at issue, the attorneys advised him not to testify and Defendant accepted that advice, and their trial strategy should the recording [of the victim's 9-1-1 call] be admitted was to attack the State's case through cross-examination of the witnesses. Additionally, this Court finds that that counsel's trial strategy was not unreasonable and counsel was not ineffective for advising Defendant not to testify. Defendant has failed to demonstrate any entitlement to relief.

. . .

At the hearing, Attorney Chewning testified that Defendant knew he had the right to testify and that she had explained to him that the decision was his alone to make and that his attorneys could not make it for him. Attorney Whitney testified that he had explained to Defendant that he had an absolute right to testify. Having had the benefit of the testimony and having had the opportunity to observe the demeanor of all the witnesses, this Court finds counsel to be credible and that Defendant had been advised of his right to testify, that it had been stressed to him that the decision was his alone to make, that the attorneys advised him not to testify, and that Defendant accepted that advice. Defendant has failed to demonstrate any entitlement to relief.

(Doc. 1-1 at ¶ 5-7) (citations to the record omitted). Florida's Second District Court of Appeal affirmed the post-conviction court's rejection of Claim Two (Ex. D8). The silent affirmance of the post-conviction court's ruling is entitled to deference, and the Court must determine whether any arguments or theories could have supported the state appellate court's decision. Wilson, 834 F.3d at 1235.

A defendant's right to testify at a criminal trial is a fundamental and personal right that cannot be waived by defense counsel. See United States v. Teague, 953 F.2d 1525, 1532 (11th Cir. 1992). In Teague, the Eleventh Circuit held that it is defense counsel's responsibility to advise the defendant of this right and the strategic implications and "that the appropriate vehicle for claims that the defendant's right to testify was violated by defense counsel is a claim of ineffective assistance [under Strickland]." Id. at 1534. The Teague court reasoned that an attorney's performance would be deficient under the first prong of the Strickland test if counsel refused to accept the defendant's decision to testify and would not call him to the stand or, alternatively, if defense counsel never informed the defendant of the right to testify and that the ultimate decision belonged to the defendant. Id. In Teague, the defendant's ineffective assistance of counsel claim was rejected because the trial court found that counsel had advised the defendant of his right to testify, had advised him that he should not exercise that right, and the defendant did not protest. Teague, 953 F.2d at 1535.

Claim Two suffers from the same defect as the ineffective assistance claim in Teague; specifically, it fails because Counsel informed Lawson of his right to testify, advised him against doing so, and Lawson accepted Counsel's strategic advice. The post-conviction court's determination that Counsel Whitney and Counsel

Chewning were more credible than Lawson and had explained to him his right to testify are factual determinations that Lawson must rebut by clear and convincing evidence before he is entitled to relief on this claim. See Freund v. Butterworth, 165 F.3d 839, 862 (11th Cir. 1999) (questions of credibility and demeanor of a witness is a question of fact); 28 U.S.C. § 2254(e)(1)(a determination of a factual issue made by a State court shall be presumed correct unless rebutted by clear and convincing evidence); Gore v. Sec'y, Dep't of Corr., 492 F.3d 1273, 1300 (11th Cir. 2007) (recognizing that while a reviewing court also gives a certain amount of deference to credibility determinations, that deference is heightened on habeas review).

Lawson offers nothing to rebut the state court's factual finding that Counsel informed him of his right to testify. In fact, Lawson actually told the trial court that it was his own decision not to testify, and he does not now explain why he lied to the trial court (T. at 441). In addition, upon review of the trial transcript, the Court concludes that reasonable competent Counsel would have advised Lawson against testifying due to Lawson's inconsistent statements to the police and Lawson's statement to Chewney that he could not remember what had happened at trial. Accordingly, Lawson fails to show Counsel's deficient performance.

Moreover, Lawson cannot demonstrate prejudice. Had he testified, the jury would have learned that Lawson was a convicted felon. <u>See</u> Fla. Stat. § 90.610(a) ("A party may attack the credibility of any witness, including an accused, by evidence that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of 1 year under the law under which the witness was convicted, or if the crime involved dishonesty or a false statement regardless of the punishment[.]"). In addition, although he now argues that he would have testified that his sexual encounter with the victim was consensual, the jury heard Lawson tell the investigating detective prior to his arrest that he had no idea how his DNA was found in the victim's house or on the victim's body (T. at 415, 417). The prosecution would have certainly sought to impeach Lawson's statement that the encounter was consensual with Lawson's own statement denying that he was even in the victim's home. The prosecution would also have highlighted the fact that the victim called 9-1-1 and told the operator that she had been raped. Given Lawson's motivation to frame his testimony in a favorable light and the strong evidence against him, his self-serving statements would have had limited credibility with the jury.

Claim Two fails to satisfy either prong of <u>Strickland</u>, and the state courts' rejection of this claim was neither contrary to clearly established federal law nor based upon an unreasonable

determination of the facts.   Claim Two is denied.   28 U.S.C. §
2254(d).

### c.   Claim Three

Lawson asserts that Counsel was ineffective for failing to
move to dismiss counts two and three of the information as barred
by the statute of limitations (Doc. 1 at 10).   He urges that, had
the state not been allowed to try him on the lewd and lascivious
assault and the abuse charges "the court could not have increased
his sentence to 65 years because there would not have been any
evidence of a battery or an assault."   Id.

Lawson raised this claim in his Rule 3.850 motion, and it was
denied by the post-conviction court (Doc. 1-1 at 9-10).   The post-
conviction court determined that, due to a great amount of
confusion as to the applicable statute of limitations when DNA
evidence is uncovered long after the commission of a crime,
Counsel's failure to move for dismissal of counts two and three
was not constitutionally deficient.   Id.   The post-conviction court
also determined:

> However, to the extent that Defendant claims
> that his sentence is illegal, this Court notes
> that even with the deletion of the points
> assessed for Counts 2 and 3, this Court could
> still have imposed a life sentence for the
> conviction of burglary with assault or battery
> (Count 1) pursuant to Fla. Stat. § 810.02.   As
> this   Court   presided   over   Defendant's
> sentencing, it now finds that it would have
> imposed the same sentence of 65 years for the
> conviction   of   Count   1,   regardless   of   the

> deletion of Counts 2 and 3 from the scoresheet.

Id. at 10. Florida's Second District Court of Appeal affirmed the post-conviction court's denial of Claim Three (Ex. D8). The silent affirmance of the post-conviction court's ruling is entitled to deference, and the Court must determine whether any arguments or theories could have supported the state appellate court's decision. Wilson, 834 F.3d at 1235.

It is unnecessary for this Court to consider whether Counsel's performance was constitutionally adequate because Claim Three clearly fails to satisfy Strickland's prejudice prong. Strickland, 466 U.S. 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one."). The post-conviction judge, who also presided over Lawson's trial and sentencing, has already told us what would have happened if Counsel had successfully moved to remove counts two and three from the information -- Lawson would have still received a sixty-five year sentence on count one. Accordingly, Lawson cannot demonstrate Strickland prejudice, and Claim Three is denied.[6]

---

[6] To the extent Petitioner believes the state could not have presented evidence of the sexual battery if he had not been charged with count two, he is wrong. Evidence of the lewd and lascivious sexual battery upon the victim was relevant and would have been admissible at trial because it was an element of count one. See

### b. Claim Four

Lawson asserts that Counsel was ineffective for failing to object to the "unreasonable" time restriction the trial court placed on Counsel's closing argument (Doc. 1 at 11). He asserts that Counsel was only allowed half as much time in closing as the prosecutor. Id. Lawson does not explain what was left out of his closing argument as a result of the unreasonable time restriction.

Lawson raised this claim in his Rule 3.850 motion, and after an evidentiary hearing, the post-conviction court denied the claim (Doc. 1-1 at 14). The post-conviction court noted:

> At the hearing, Defendant testified that Attorney Whitney spoke for less than ten minutes in closing arguments. Attorney Whitney testified that he did not recall being limited in time, and that his comment about completing his closing argument within ten minutes was his attempt to be humorous. He stated that both the State and the defense had had the same amount of time for closing arguments and that had he felt as if addition time had been needed, he would have taken it. Having had the benefit of the testimony and having had the opportunity to observe the demeanor of all the witnesses, the Court finds counsel to be credible and that the trial court and the parties were joking about the ten-minute time limit.

---

Fla. Stat. § 810.10(2)(1); discussion supra Claim One; discussion infra Claim Six. Petitioner has presented no authority for his apparent assertion that the running of the statute of limitations on a crime bars presentation of evidence on all aspects of that crime when the evidence is relevant to an element of a separate crime.

Id. at 14 (citations to the record omitted).  Florida's Second District Court of Appeal affirmed without a written opinion (Ex. D8).  The silent affirmance of the post-conviction court's ruling is entitled to deference, and the Court must determine whether any arguments or theories could have supported the state appellate court's decision.  Wilson, 834 F.3d at 1235.

Lawson has not rebutted by clear and convincing evidence the post-conviction court's factual finding that Counsel's comment that he "could do [closing argument] in ten, but [the court reporter] won't like having to type it all down" (T. at 442) was a joke.  Counsel Whitney specifically stated that his comment about speeding through closing in ten minutes was made in jest, in an attempt "to be humorous with [the court reporter]" and that his "sarcastic sense of humor . . . never seems to" come across in a transcript (EH at 59).  Counsel Whitney stated that he was not limited in the amount of time for closing, and that he would have objected if the trial court had imposed such a limitation.  Id. at 58-59.  Counsel stated that he was able to make an adequate closing argument in the time allotted.  Id. at 58.  Lawson has not pointed to anything he believes Counsel omitted from his closing argument or explained how the outcome of his trial would have differed had Counsel made a longer closing argument.  Accordingly, Lawson has demonstrated neither deficient performance nor resulting

prejudice, and the state courts' adjudication of Claim Four was objectively reasonable.

Claim Four fails to satisfy either _Strickland_ prong and is denied pursuant to 28 U.S.C. § 2254.

### e.  Claim Five

Lawson asserts that Counsel was ineffective for failing to call Amber Lewis as a witness to testify that she dropped Lawson off at the victim's home on the night of the crime and that the victim allowed Lawson into her home (Doc. 1 at 13-14).  Lawson asserts that he informed Counsel of Lewis' potential testimony and told him that it would take some time to find her due to the passage of time since the burglary, but that Counsel wanted to proceed to trial quickly because a new state prosecutor had been assigned to the case, and Counsel hoped the prosecutor would be unprepared for trial.  _Id._

Lawson raised this claim in his Rule 3.850 motion, and it was summarily denied by the post-conviction court on the ground that Lawson could not demonstrate prejudice.  The post-conviction court concluded that Lewis' proposed testimony was irrelevant to the issue of consent because Lewis was not present during the commission of the alleged crime (Ex. D3).  Florida's Second District Court of Appeal affirmed (Ex. D8).  The silent affirmance of the post-conviction court's ruling is entitled to deference, and the Court must determine whether any arguments or theories

could have supported the state appellate court's decision. <u>Wilson</u>, 834 F.3d at 1235.

Lawson offers nothing to support his claim that Lewis would have testified in his favor. In fact, his petition is devoid of any evidence that she would have even testified as Lawson now suggests. "[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." <u>United States v. Ashimi</u>, 932 F.2d 643, 650 (7th Cir. 1991) (footnotes omitted); <u>accord</u> <u>Dottin v. Sec'y, Dep't of Corr.</u>, No. 8:07–CV–884–T–27MAP, 2010 WL 3766339, at *6 (M.D. Fla. Sept. 16, 2010). Accordingly, Lawson has not met his burden of demonstrating <u>Strickland</u> prejudice.

Moreover, Lawson told Counsel that he would "need some time" to locate Amber Lewis; however, Counsel believed that enforcing Lawson's speedy trial rights would be to his tactical advantage because the newly-appointed prosecutor would be less prepared for trial. The Supreme Court has instructed that, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound

trial strategy." Strickland, 466 U.S. at 689 (quotation marks and citation omitted); see also Waters v. Thomas, 46 F.3d 1506, 1518-19 (11th Cir. 1995) (observing that "[w]e cannot, and will not, second guess" the "strategic decisions trial counsel are called upon to make"). Given the DNA evidence against Lawson and his prior statement to the police denying any responsibility for the break-in or the sexual assault, Counsel reasonably determined that Lawson was better off forcing a speedy trial in the hope that the prosecutor would be unprepared. Lawson has satisfied neither Strickland prong and is not entitled to relief on Claim Five.

### f.    Claim Six

Lawson asserts that his constitutional rights to due process were violated because Florida's Second District Court of Appeal vacated his convictions on counts two and three as barred by the statute of limitations, but did not concomitantly vacate his conviction on count one (Doc. 1 at 15). Lawson asserts that the dismissal of his sexual battery charges on statute of limitation grounds was an "acquittal" on those charges, and therefore, his sexual battery of the victim can no longer support his conviction for first degree burglary. Id.

Respondent urges that this claim is unexhausted because it was never raised in state court (Doc. 14 at 31). Indeed, in his brief on direct appeal, Lawson argued only that his convictions on counts two and three should be vacated due to the expiration of

the statute of limitations (Ex. B1). The brief conceded that Lawson's burglary count was not barred by the statute of limitations because the limitations period for burglary was extended under Florida Statute § 775.15(16)[7] due to the new availability of DNA evidence. Id. at 9.

Lawson recognizes that this claim is unexhausted, but urges that appellate counsel was ineffective for failing to raise it (Doc. 22 at 15-16). Although ineffective assistance of appellate counsel can operate to provide cause for the procedural default of a claim of trial court error, Lawson must have first exhausted the underlying ineffective assistance of appellate counsel claim, which he did not do. See Edwards v. Carpenter, 529 U.S. 446, 450-51 (2000) (concluding that a federal habeas court is barred from considering a procedurally defaulted ineffective assistance of counsel claim as cause for procedural default of another claim); Hill v. Jones, 81 F.3d 1015, 1029-31 (11th Cir. 1996) (noting that the Supreme Court's jurisprudence on procedural default dictate that procedurally defaulted claims of ineffective assistance

---

[7] This statute provides that a prosecution for burglary "may be commenced at any time after the date on which the identity of the accused is established, or should have been established by the exercise of due diligence, through the analysis of deoxyribonucleic acid (DNA) evidence, if a sufficient portion of the evidence collected at the time of the original investigation and tested for DNA is preserved and available for testing by the accused." Fla. Stat. § 775.15(16)(a)(5).

cannot serve as cause to excuse a default of a second claim).[8]  Nor
has Lawson presented new, reliable evidence to support an actual
innocence claim.  Schlup, 513 U.S. at 324.    Consequently, the
ineffective assistance of appellate counsel claim, raised for the
first time on federal habeas review, does not satisfy the cause
and prejudice, or fundamental miscarriage of justice exception
necessary to overcome the procedural default of Claim Six.
Consequently, Claim Six is unexhausted and must be dismissed.

    Even if Claim Six had been exhausted, Lawson is not entitled
to federal habeas corpus relief.    28 U.S.C. § 2254(b)(2)("An
application for a writ of habeas corpus may be denied on the
merits, notwithstanding the failure of the applicant to exhaust
the remedies available in the courts of the State.").  Lawson has
not identified, and this Court has not found, any clearly
established federal law recognizing that a defendant's
constitutional rights are violated when evidence of a crime (which
would be barred from prosecution under the statute of limitations)
is used to prove the elements of a different crime that is not
barred from prosecution.[9]    This failure alone is sufficient to

---

[8] Although Petitioner again raises Martinez to excuse his failure
to raise his ineffective assistance of appellate counsel claim,
the United States Supreme Court has recently held that Martinez
applies exclusively to ineffective assistance of trial counsel
claims.  Davila v. Davis, 137 S. Ct. 2058 (2017).

[9] The cases offered by Petitioner consider whether an acquittal on
any ground (including the statute of limitations) bars a retrial

33

defeat a § 2254 habeas claim.  28 U.S.C. § 2254(d)(1). Accordingly, in addition to being unexhausted, Claim Six is denied on the merits.

Any of Lawson's allegations not specifically addressed herein have been found to be without merit.

## IV.  Certificate of Appealability[10]

Lawson is not entitled to a certificate of appealability.  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability ("COA").  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Lawson must demonstrate that "reasonable jurists would

_____

under the Double Jeopardy Clause of the United States Constitution. The cases have nothing to do with whether evidence of a defendant's commission of a time-barred crime can be used to prove the elements of a crime that is not barred from prosecution.  See Burks v. United States, 437 U.S. 1 (1978); United States v. Oppenheimer, 242 U.S. 85 (1916) (finding the defendant's second indictment on bank fraud to be prohibited because an earlier indictment for the same offense had been held to be barred by the statute of limitations).  Double Jeopardy is not at issue in this action.

[10] Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Id.  As this Court has determined that Lawson is not entitled to habeas corpus relief, it must now consider whether Lawson is entitled to a certificate of appealability.

find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El, 537 U.S. at 335-36. Lawson has not made the requisite showing in these circumstances.

Because Lawson is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Florida Attorney General is **DISMISSED** from this action as a named Respondent.

2. Claim One of the 28 U.S.C. § 2254 petition for habeas corpus relief filed by Micah L. Lawson is dismissed as unexhausted. Claims Two through Five are denied on the merits. Claim Six is dismissed as unexhausted or, alternatively, denied on the merits. This case is dismissed with prejudice.

3. Lawson is **DENIED** a certificate of appealability.

4. The **Clerk of Court** is directed to terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this __26th__ day of September, 2017.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Micah L. Lawson
Counsel of Record